LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com

Attorney for Dawn J. Duncan, Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAWN J. DUNCAN,<br><br>      Plaintiff,<br><br>vs.<br><br>VENETIAN CASINO RESORT, LLC,<br>a Nevada limited liability company,<br><br>      Defendant. | Case No.: 2:14-cv-1<br><br>**COMPLAINT**<br><br>JURY DEMAND |

Plaintiff DAWN J. DUNCAN states as follows:

**Jurisdiction**

1. This is an action for damages arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(4) (civil rights action), 29 U.S.C. § 626(c), and 42 U.S.C. § 2000e-5(f)(3).  This Court also has supplemental jurisdiction over each and every pendent state law claim pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this complaint are believed to have occurred in the State of Nevada, in the County of Clark;  therefore, pursuant to 28 U.S.C. § 1391(b)(2), venue properly lies in the southern division of the United States District Court for the District of Nevada.

**Exhaustion of Administrative Remedy**

4. On November 10, 2011, Ms. Duncan filed a formal Charge of Discrimination with

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of  7

the Equal Employment Opportunity Commission ("EEOC"), stating that she was subjected to unlawful retaliation by her former employer, Defendant Venetian Casino Resort, LLC, a Nevada limited liability company. A true and correct copy of her Charge of Discrimination is attached as Exhibit 1.

5. The EEOC subsequently notified the Nevada Equal Rights Commission ("NERC") of the pending charge.

6. The EEOC also notified Defendant Venetian Casino Resort, LLC, a Nevada limited liability company, by sending it a "Notice of Charge of Discrimination."

7. By letter dated November 8, 2013, the EEOC issued its "Notice of Right to Sue (Issued on Request)" to Ms. Duncan, notifying her that upon her request, the EEOC was terminating its processing of her Charge of Discrimination filed on or about November 10, 2011. A true and correct copy of this Notice is attached as Exhibit 2.

8. Ms. Duncan received this Notice shortly thereafter.

9. This action has been filed with this Court within 90 days of the mailing date of the "Notice of Right to Sue (Issued on Request)" sent to Ms. Duncan and within 90 days of Ms. Duncan receiving of said notice. Therefore, this action is timely filed under the ADEA and Title VII.

10. Ms. Duncan, therefore, has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**General Allegations**

11. Ms. Duncan repeats the allegations contained in paragraphs 1 to 10, *supra*.

12. Ms. Duncan is a citizen of the State of Nevada and a resident of Clark County, Nevada.

13 Defendant Venetian Casino Resort, LLC, is a limited liability company organized under the laws of the State of Nevada. It conducts business in Clark County, Nevada, from its principal location, 3355 Las Vegas Boulevard South, Las Vegas, Nevada.

14. Ms. Duncan was born in 1966.

15. Ms. Duncan is female.

16. Ms. Duncan commenced employment with Defendant on or about March 22, 1999.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

17. Ms. Duncan was employed by Defendant as a cocktail server.

18. Defendant Venetian Casino Resort, LLC, a limited liability company, was the employer of Ms. Duncan from approximately March 22, 1999, until June 17, 2011. For purposes of this allegation, the term "employer" is given the definition set forth at 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b).

19. The particulars of the claims of unlawful discrimination include the following, which are largely set forth in Charge of Discrimination filed by Ms. Duncan on November 10, 2011:

    a. In June 2010, Ms. Duncan initiated the process for filing a Charge of Discrimination with the EEOC based on disparate treatment due to her age. She filed the Charge of Discrimination with the EEOC on July 14, 2010.

    b. After filing her Charge of Discrimination with the EEOC, she was subjected to an increased amount of harassment and discrimination based on age and sex.

    c. For example, she was not allowed by her employer to be absent from work on Christmas so that she could spend the holiday with her ill mother. Other cocktail servers, with less seniority, and who had not filed formal complaints of disparate treatment, were allowed to take the time off.

    d. Defendant, acting through its management employee Phillipa Hayes, designated Mike Sager to handle Ms. Duncan's performance review, even though there were multiple alternative managers better suited for conducting this review. Ms. Duncan previously had filed a complaint of sexual harassment against Mr. Sager. Mr. Sager elected to conduct the performance review session in a dark, secluded area, despite the availability of alternative venues better suited to this task. This also was the first negative performance review that Ms. Duncan received during her employment with Defendant.

    e. When Ms. Duncan complained to Defendant's human resources department about ongoing and worsening age and sex discrimination, nothing was done to alleviate the situation.

    f. When Ms. Duncan complained to Defendant's human resources department about ongoing and worsening age and sex discrimination, the complaints were forwarded directly to the point about whom Ms. Duncan was complaining.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

      g.      On June 3, 2011, Ms. Duncan filed a complaint against Kris Matic, stating that he had been harassing and intimidating her.

      h.      As stated in paragraph 19(f), *supra*, this complaint was forwarded to Mr. Matic.

      i.      On June 5, 2011, Ms. Duncan's next working day after filing the complaint against Mr. Matic, Mr. Matic was waiting for Ms. Duncan at the time clock. He was aggressive and physically intimidating to Ms. Duncan. He prevented her from being able to clock in that day.

      j.      Ms. Duncan was so emotionally distraught from Mr. Matic's aggressive tactics that she was unable to continue working that day.

      k..      When Ms. Duncan returned to work for her next shift, she was suspended and, subsequently, terminated. She was advised that she was being terminated for "attendance points."

      l.      In reaching its decision to terminate Ms. Duncan for "attendance points," Ms. Duncan's "attendance points" were not properly calculated and was not calculated in accordance with how "attendance points" would be calculated for cocktail servers who had not complained of age bias or sexual harassment.

20.      Defendant Venetian Casino Resort, LLC, a limited liability company, had over 15 employees at all times relevant to this matter.

21.      Defendant Venetian Casino Resort, LLC, a limited liability company, had over 500 employees at all times relevant to this matter.

## First Claim for Relief

*Unlawful retaliation due to complaints of age discrimination, in violation of the ADEA*

22.      Ms. Duncan repeats the allegations contained in paragraphs 1 to 21, *supra*.

23.      For the reasons set forth above, and for the reasons set forth in the Charge of Discrimination attached as Exhibit 1 to this Complaint, Defendant violated 29 U.S.C. § 623(d) and NRS 613.340(1), because it unlawfully retaliated against Ms. Duncan because of her stated objections and opposition to age-based discrimination and disparate treatment, including but not limited to Ms. Duncan filing a formal Charge of Discrimination with the EEOC.

24.      Because Defendant unlawfully retaliated against Ms. Duncan because of her stated

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 7

objections and opposition to age-based discrimination and disparate treatment, Defendant must pay Ms. Duncan damages in an amount to be determined at trial for backpay (including lost tip income), frontpay, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

25. Because Defendant willfully violated the ADEA with regard to Ms. Duncan, she is entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).

26. Ms. Duncan has had to procure the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations of the ADEA; therefore, she is entitled to recover reasonable attorneys' fees against Defendant pursuant to 29 U.S.C. § 626(b).

## **Second Claim for Relief**

*Unlawful retaliation due to complaints of sexual harassment, in violation of Title VII*

27. Ms. Duncan repeats the allegations contained in paragraphs 1 to 26, *supra*.

28. For the reasons set forth above, and for the reasons set forth in the Charge of Discrimination attached as Exhibit 1 to this Complaint, Defendant violated 42 U.S.C. § 2000e-3(a) and NRS 613.340(1), because it unlawfully retaliated against Ms. Duncan because of her stated objections and opposition to sexual harassment, including but not limited to Ms. Duncan filing internal complaints of sexual harassment against management personnel

29. Because Defendant unlawfully retaliated against Ms. Duncan because of her stated objections and opposition to sexual harassment, Defendant must pay Ms. Duncan damages in an amount to be determined at trial for backpay (including lost tip income), frontpay, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

30. Because Defendant has been guilty of oppression, fraud or malice, express or implied, it must pay Ms. Duncan an additional amount for the sake of example and by way of punishment..

31. Ms. Duncan has had to procure the services of an attorney to protect her rights and secure compensation for the damages incurred as a result of these violations of Title VII; therefore, she is entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k).

. . . .

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

**Third Claim for Relief**

*Negligent hiring, training, and supervision*

32. Ms. Duncan repeats the allegations contained in paragraphs 1 to 31, *supra*.

33. Defendants were under a duty to properly hire, train and supervise its management personnel, including personnel in the Food and Beverage Department and in the Human Resources Department.

34. Defendant failed to properly hire, train and supervise its management personnel, including personnel in the Food and Beverage Department and in the Human Resources Department.

35. As a direct and proximate result of the breach of said duty, Defendant's management personnel, including personnel in the Food and Beverage Department and in the Human Resources Department, unlawfully and intentionally subjected Ms. Duncan to discriminatory, disparate and retaliatory treatment as set forth above.

36. As a result of Defendant's breach of its duty, Ms. Duncan is entitled damages in an amount to be determined at trial.

37. Ms. Duncan previously filed an amended court complaint alleging negligent hiring, training, and supervision on the part of Defendant. This matter, styled *Nadia Walker, et al., v. Venetian Casino Resort*, Case No. 2:10-cv-00195-LRH-RJJ, was amended to include Ms. Duncan as a party on December 27, 2010. Therefore, any and all acts of negligent hiring, training and supervision by Defendant also alleged in this matter, and which are proven by Ms. Duncan to have occurred, are actionable for the entire limitations period in effect for the negligent hiring, training, and supervision claim alleged by Ms. Duncan in *Nadia Walker, et al., v. Venetian Casino Resort*, Case No. 2:10-cv-00195-LRH-RJJ, as allowed to proceed by the Order (Doc. 159) filed in that matter on October 9, 2012.

38. Because Ms. Duncan has been obligated to procure the services of an attorney to protect her rights in light of this intentional tortious misconduct, she is entitled to an award of reasonable attorney's fees as part of her actual damages.

WHEREFORE, Plaintiff DAWN DUNCAN prays that the following judgment be entered upon a trial by jury, against Defendant VENETIAN CASINO RESORT, LLC, a Nevada limited

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 6 of 7

liability company:

1. Monetary damages in an amount to be determined at trial, which continue to accrue;
2. An award of interest on the amount owed;
3. Punitive and liquidated damages;
4. An award of attorneys' fees and costs; and
5. Any further relief that this Court deems just.

        Respectfully submitted,

        LAW OFFICES OF ROBERT P. SPRETNAK

        By: /s/ *Robert P. Spretnak*
            Robert P. Spretnak, Esq.

        Attorney for Dawn Duncan, Plaintiff

        8275 S. Eastern Avenue, Suite 200
        Las Vegas, Nevada 89123

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 7 of 7